UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ERIC DEWBERRY
        Plaintiff,                     CIVIL ACTION NO. 09-11967

   v.                                  DISTRICT JUDGE BERNARD A. FRIEDMAN

COMMISSIONER OF              MAGISTRATE JUDGE VIRGINIA MORGAN
SOCIAL SECURITY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

       This is an action for judicial review of defendant's decision denying plaintiff's application for social security benefits. The Commissioner found that plaintiff was not disabled, and, therefore, not entitled to either disability insurance benefits under Title II nor supplemental security income (SSI) under the Social Security act. Plaintiff now seeks to appeal this denial. Plaintiff filed his complaint seeking judicial review of that Commissioner's final decision on May 22, 2009. However, the final decision had been issued on April 23, 2007.

       This is not the first application for disability that plaintiff has filed.  He file concurrent applications for disability and SSI in January 2002.  These were denied on June 25, 2003 and not appealed.  Plaintiff now seeks a belated appeal on the current application.  On this record, nothing prevents plaintiff from filing a third application and beginning proceedings anew before the agency.

- 1 -

**Analysis**

Judicial review of Social Security disability denials is authorized by § 205 (g) and (h) of the Social Security Act, 42 U.S.C. § 405 (g) and (h).  Those provisions permit judicial review under certain conditions.

Section 405 (g) provides:

An individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within 60 days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Section 405 (g) provides that

No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or government agency except as herein provided.  No action against the United States, the Commissioner of Social Security or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28, U.S.C., to recover on any claim arising under this subchapter.

Congress has thus stated explicitly that judicial review is permitted only in accordance with the above statute.  Such statute is the exclusive jurisdictional basis for judicial review. The 60 day statute of limitations provided by Congress serves to "move millions of cases to speedy resolution in a bureaucracy that processes millions of cases annually." *Bowen v. City of New York* 476 U.S. 467, 481 (1986).

The term "mailing" has been interpreted by the Commissioner and the courts as the date an individual receives notice of the Appeals Council's denial of request for review or its decision in the case.  See,  20 CFR § 416.1401, 422.210 (c).  In other words, the claimant must file a civil action in federal district court within 60 days after receiving the Appeals Council's notice.

- 2 -

In this case the Appeals Council's notice was dated April 23, 2007. Plaintiff was required to file his civil action on or before June 29, 2007. However, plaintiff did not file his complaint in this court until almost 2 years later, that is, until May 22, 2009. Plaintiff has not filed a response to defendant's Motion to Dismiss which was filed in August 2009. However plaintiff did file a statement of his new address on September 22, 2009. No reasons are set forth in any pleading for his failure to timely appeal.

While in some circumstances, where good cause is shown, the time period for filing may be extended, no such circumstances are shown here. Plaintiff's claim for disability was based on residual pain in his right lower leg and foot due to a torn Achilles tendon. (ALJ's opinion D/E 13-2, page 9) At the time of the ALJ's opinion, plaintiff was 35 years old with two years of college. There is no claim of disabling mental impairment or intellectual deficit justifying this delay. Neither is there any indication that plaintiff made a request to extend time to the Appeals Council. Without such good cause established to extend the time to file and without a complaint filed within the 60 day time period, this Court is without jurisdiction to review the denial.

Accordingly, it is recommended that the defendants' motion to dismiss be granted and the case be dismissed with prejudice.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v.

Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

    Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

                                    s/Virginia M. Morgan
                                    Virginia M. Morgan
                                    United States Magistrate Judge

Dated: November 30, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and David Dewsbury via the Court's ECF System and/or U. S. Mail on November 30, 2009.

                                    s/J. Johnson
                                    Case Manager to
                                    Magistrate Judge Virginia M. Morgan